a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALIREZA ZAREFARD,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00895<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Order to Show Cause, which contains a request to stay the removal of Petitioner, Alireza Zarefard ("Zarefard"). ECF No. 3. Zarefard is an immigration detainee at River Correctional Center in Ferriday, Louisiana, who petitions for his release from custody. ECF No. 1.

Because the Court lacks jurisdiction to stay his removal, and an order to show cause is unnecessary and unwarranted, the Motion is DENIED.

I.   Background

Zarefard alleges that he is a citizen of Iran who entered the United States on April 24, 2024, and was detained upon entry. ECF No. 3 at 2. Zarefard's application for asylum was denied on July 30, 2024, and he was ordered removed. *Id.* at 3.

Zarefard alleges that his removal to Iran is unlikely to occur in the reasonably foreseeable future. ECF No. 3 at 4. He seeks an emergency stay of removal pursuant to the All Writs Act and Suspension Clause. ECF No. 3 at 4. He also requests an order to show cause under § 2243.

1

## II. Law and Analysis

### A. The Court lacks jurisdiction to stay Zarefard's removal.

The subject-matter jurisdiction of federal courts is limited. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted).

The Illegal Immigration Reform and Immigration Responsibility Act of 1996 provides, in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The United States Supreme Court has explained that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). As the United States District Court for the Eastern District of Louisiana recently concluded, "by its explicit terms, § 1252(g) strips this Court of subject-matter jurisdiction – whether invoked by habeas petition, under the All Writs Act, or under any other statutory or nonstatutory provision of law – to review claims 'arising from' a decision or action to execute a removal order against an alien."

*Westley v. Harper*, 25-cv-229, 2025 WL 592788, at *4 (E.D. La. 2025) (citing *Reno*, 525 U.S. at 482; 8 U.S.C. § 1252(g)).

Clearly then, Zarefard's request for a stay of his removal falls outside the Court's jurisdiction. *See Idokogi v. Ashcroft*, 66 F. App'x 526, at *1 (5th Cir. 2003) (holding that the district court lacked jurisdiction to stay deportation of an alien because the relief was connected " 'directly and immediately' with the Attorney General's decision to commence removal proceedings against him"); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . .").

    B.    <u>Zarefard is not entitled to an order to show cause.</u>

Zarefard requests that the Court order the Government to show cause why the writ should not be granted in accordance with § 2243:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

28 U.S.C. § 2243. Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. 2020).

Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation. *See, e.g., Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Summonses were issued on June 24, 2025. ECF No. 4. The record does not reflect whether service has been perfected. Nonetheless, it is unlikely that any

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

meaningful investigation could be completed in the time requested. As determined in other cases before the Court, a 60-day timeframe within to reply is warranted, commonplace, and reasonable under Rule 4. *See Romero v. Cole*, No. 1:16-cv-148, 2016 WL2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013 (collecting cases).

Accordingly, IT IS ORDERED that Zarefard's Motion for Order to Show Cause (ECF No. 3), which contains a request to stay his removal, is DENIED.

IT IS FURTHER ORDERED that the Government file an answer to the Petition (ECF No. 1) within 60 days following the date of service, providing the Court with summary judgment evidence indicating whether Petitioner's order of removal is final; whether there is a significant likelihood of removal in the reasonably foreseeable future; and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Monday, June 30, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE